1 Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
2 Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
3 DONIGER / BURROUGHS
4 603 Rose Avenue
Venice, California 90291
5 Telephone: (310) 590-1820
6 Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TIME OUT AMERICA, LLC, a Delaware limited liability company; and Does 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Elliot McGucken, by through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. McGucken is informed and believes and thereon alleges that Defendant Time Out is a Delaware limited liability company doing business in and with Los Angeles County, including as Time Out (Los Angeles) LLC.

6. Defendants Does 1 through 10, inclusive, are other parties who have infringed McGucken's copyright, have contributed to the infringement of McGucken's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages proximately caused thereby.

## **CLAIMS RELATED TO SUBJECT PHOTOGRAPHS**

8. McGucken is an award-winning fine art photographer who created and owns certain photographs ("Subject Photographs"), depicted below:

**SUBJECT PHOTOGRAPHS**





9. McGucken is the sole and exclusive owner of all rights in and to the Subject Photographs, including copyrights, and registered the copyrights for same with the United States Copyright Office prior to the acts complained of herein.

10. Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photographs, including his own profiles and displays of same online to promote his work.

11. McGucken routinely includes identifying copyright management information with the Subject Photographs, including metadata.

12. McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photographs, Time Out, Doe Defendants, and each of them used the Subject Photographs without McGucken's authorization for commercial purposes in various ways, including, but not limited to, the uses depicted below ("Infringing Uses"):

///

///

///

| INFRINGING USES |
|---|
| URL: https://www.timeout.com/los-angeles/things-to-do/best-things-to-do-in-los-angeles  |
| URL: https://www.timeout.com/los-angeles/attractions/el-matador-state-beach   |

13. These exemplars are not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photographs.

14. A comparison of the Subject Photographs with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar and is depicted below:

| **Subject Photographs** | **Infringing Uses** |
|---|---|
| ![Subject photograph of Malibu Creek State Park at sunset] | ![Infringing use - Time Out article "Get some fresh air at Malibu Creek State Park" with Shutterstock photo credit] |



15. On information and belief, McGucken alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, the public.

16. On information and belief, McGucken further alleges that Defendants intentionally added attribution information falsely indicating third-parties or the authors of the Infringing Uses as the author or copyright owner of the Subject Photographs, including "(c)Shutterstock."

17. As of the filing of this complaint, numerous of the Infringing Uses remain online at Defendant's websites.

18. McGucken at no time authorized Defendants, or any of them, to use the Subject Photographs as complained of herein.

///
///
///
///

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

19.  McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20.  Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on the Internet.

21.  Defendants, and each of them, infringed McGucken's copyrights by copying, publishing, and displaying the Subject Photographs to the public, including without limitation, the websites set forth herein, without McGucken's authorization or consent.

22.  Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

23.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

24.  McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

## (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

25. McGucken realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

26. McGucken is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged herein. Such conduct included, without limitation, publishing the Subject Photographs obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photographs.

27. McGucken is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Photographs, and were able to supervise the publication of said posts.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants'

profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs, in an amount to be established at trial.

30. McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

31. McGucken realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32. The Subject Photographs were routinely published with attribution, credit, and other copyright management information identifying McGucken as the author.

33. McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's copyright management information, as described above, from the Subject Photographs, and/or added false copyright management information to the Subject Photographs, including as described above, before distributing and publishing same.

34. McGucken alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photographs via Time Out's website, under Time Out's own name and the names of its employees and third parties, and removing McGucken's attribution information, including without limitation his name and/or metadata.

35. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

36. When Defendants published the Subject Photographs, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

37. When Defendants published the Subject Photographs, they removed McGucken's copyright management information from the Subject Photographs knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

38. As a result of the foregoing, McGucken has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, McGucken prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b. That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d.  That McGucken be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e.  That McGucken be awarded his costs and fees under the statutes set forth above;

f.  That McGucken be awarded statutory damages and/or penalties under the statues set forth above;

g.  That McGucken be awarded pre-judgment interest as allowed by law;

h.  That McGucken be awarded the costs of this action; and

i.  That McGucken be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 8, 2024

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
*Attorneys for the Plaintiff*